# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT
## OF ALABAMA

RECEIVED

2008 FEB 25  A 10: 04

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

### UNITED STATES OF AMERICA
### PLAINTIFF,


3: 08CV133-F

vs                                    CASE NO:_____


### SAWELIJA TYREE FLOYD
### DEFENDANT.

---

### Petitioner's Motion

### PURSUANT TO 28 U.S.C. 2255

---

SCANNED
1

1. (a) Name and location of court that entered the judgment of conviction you are challenging: **United States District Court for The Middle District of Alabama**

   (b) Criminal docket or case number (if you know): 3:05 CR-187-LSC

2. (a) Date of judgment of conviction (if you know): December 18,2006

   (b) Date of sentencing: December 18, 2006

3. Length of sentence: 210 months

4. **Nature of crime (all counts): Count (1):Possession with Intent to Distribute Cocaine Base 10 Years to Life/NMT $4,000,000,OO Fine; a Class A Felony.  Count (2):Possession with Intent to Distribute Marijuana/NMT 5 Years, $250,000,00 Fine; a Class D Felony. Count (3): Possession with Intent to Distribute Cocaine Hydrochloride 5 to 40 Years/$2,000,000 fine; a Class B Felony, Count (4): Possession with Intent to Distribute MDMA/ECSTASY NMT 20 Years/$1,000, fine a Class C Felony**

5. (a) What was your plea?

      (1) Not guilty [ ] (2) Guilty [X] (3) Nolo contendere
          (no contest) [ ]

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

      Plead guilty to all count in the indictment

2

6. If you went to trial, what kind of trial did you have?
(Check one)
       Jury [ ]    Judge only [X]   No Trial

7. Did you testify at a pretrial hearing, trial, or a
   post- trial hearing?     Yes [ ]   No [X]

8. Did you appeal from the judgment of conviction?
   Yes [X]   No [ ]

9. If you did appeal, answer the following:

   (a) Name of court: UNITED STATES COURT
       OF APPEALS FOR THE ELEVENTH CIRCUIT
   (b) Docket or case number : CASE NO. 07-10005-F
   (c) Result: AFFIRMED
   (d) Date of result :  July 12,2007
   (e) Citation to the case U.S.A, v. Sawelija Tyree Floyd

   (f) Grounds raised:
**WHETHER THE DISTRICT COURT ERRED IN ADOPTING THE REPORT
AND RECOMMENDATION OF THE MAGISTRATE JUDGE DENYING
APPELLANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED IN
VIOLATION OF THE FOUTH AMENDMENT TO THE
CONSTITUTION OF THE UNITED STATES ?**

**(a)   MAY AN OFFICER IN GOOD FAITH RELY UPON A LEGALLY
       INVALID ARREST WARRANT WHERE THE WARRANT WAS FACIALLY
       DEFECTIVE,THE OFFICERS SHOULD HAVE KNOWN IT WAS AN
       INVALID WARRANT,AND WHERE THE ISSUING MAGISTRATE HAD
       ABANDONED NEUTRALITY ?**

**(b)  IS THE WARRANTLESS SEARCH OF A RESIDENCE JUSTIFIED
       MERELY AND SOLELY FROM THE PERCEIVED AROMA OF BURNING
       MARIJUANA ?**

**(c)  MAY AN OFFICER GAIN WARRANTLESS ENTRY INTO A RESIDENCE
       THROUGH THE EMPLOMENT OF INTIMIDATION AND FORCE ?**

**(d)  MAY A LAWFUL SEARCH WARRANT BE OBTAINED BASED PROBABLE
       CAUSE ORIGINATING FROM AN INITIALLY UNLAWFUL,
       WARRANTLESS INTRUSION ?**

(g) Did you file a petition for certiorari in the United States Supreme Court?  Yes [**X**] No [ ]

   If yes, answer the following:

   (1) Docket or case number (if you know): Unknown

   (2) Result: Denied Petition For Writ of Certiorari

   (3) Date of result JANUARY 14, 2008

   (4) Citation to the case: Unknown

   (5) grounds raised;

   **A. WHETHER THE COURT OF APPEALS ERRED IN AFFIRMING THE DISTRICT COURT'S DENIAL OF THE PETITIONER'S MOTION TO SUPPRESS, WHEN THE MAGISTRATE ABANDONED HIS JUDICIAL ROLE, WHEN AT THE URGING OF THE POLICE HE ISSUES A PRETEXTUAL INVALID ARREST WARRANT, BASED UPON A FABRICATED VIOLATION, FOR THE SOLE PURPOSE OF COMPELLING THE COOPERATION OF A DEFENDANT IN A SEPARATE CRIMINAL INVESTIGATION ?**

   B. **WHETHER THE COURT OF APPEALS ERRED IN AFFIRMING THE DISTRICT COURT'S DENIAL OF THE PETITIONER'S MOTION TO SUPPRESS, BECAUSE OF THE GOOD FAITH EXCEPTION TO THE FOURTH AMENDMENT WARRANT REQUIREMENTS, WHEN THE POLICE WERE INSTUMENTAL IN OBTAINING A PRETEXTUAL INVALID ARREST WARRANT ?**

   C. **WHETHER THE COURT OF APPEALS ERRED IN AFFIRMING THE DISTRICT COURT'S  DENIAL OF PETITIONER'S MOTION TO SUPRESS, BECAUSE OF THE SMELL OF BURNING MARIJUANA COMBINED WITH RUMORS OF  DRUG ACTIVITY, JUSTIFIES A WARRANTLESS ENTRY INTO A DWELLING AND THE PETITIONER IS ALLREADY IN CUSTODY ON THE OUTSIDE OF DWELLING, AND THE POLICE WERE NEVER GIVEN CONSENT TO ENTER OR SEARCH THE DWELLING ?**

10. Other than the direct appeals listed above, have you
    previously filed any other motions, petitions, or
    applications concerning this judgment of conviction
    in any court?  Yes [ ]  No [**X** ]

11. If your answer to Question 10 was "Yes," give the
    following information:

    (a)(1) Name of court:   N/A
       (2) Docket or case number : N/A
       (3)Date of filing
       (4) Nature of the proceeding: N/A
       (5) Grounds raised: N/A
       (6) Did you receive a hearing where evidence was
           given on your motion, petition, or application?
           Yes [ ]  No [X]
       (7) Result: N/A
       (8) Date of result (if you know): N/A

    (b) If you filed any second motion, petition, or
        application, give the same information:

        (1) Name of court: NO
        (2) Docket or case number : N/A
        (3) Date of filing : N/A
        (4) Nature of the proceeding: N/A
        (5) Grounds raised: N/A
        (6) Did you receive a hearing where evidence was
            given on your motion, petition, or application?
            Yes [ ]  No [X]
        (7) Result: N/A
        (8) Date of result: N/A


    (c) Did you appeal to a federal appellate court having
        jurisdiction over the action taken on your motion,
        petition, or application?

            (1) First petition:    Yes [ ]  No [X]
            (2) Second petition:   Yes [ ]  No [X]
            (3) Third petition:    Yes [ ]  No [X]

(d) If you did not appeal from the action on any motion,
    petition, or application, explain briefly why you did
    not: N/A

12. For this motion, state every ground on which you claim
    that you are being held in violation of the
    Constitution, laws, or treaties of the United States.

Attach additional pages if you have more than four

grounds.

State the facts supporting each ground.

**GROUND ONE:**

**TRIAL ATTORNEYS WERE INEFFECTIVE FOR NOT OBJECTING TO THE
SEARCH WARRANT'S SUPPORTING AFFIDAVIT WHICH DID NOT PROVIDE
THE MAGISTRATE WITH ANY SUBSTANIAL BASIS FOR DETERMINING ANY
EXISTENCE OF PROBABLE CAUSE AND THE LAW ENFORCEMENT OFFICER'S
STATEMENT WAS WHOLLY CONCLUSORY AND SELF SERVING.**

Supporting facts (Do not argue or cite law. Just state the

specific facts that support your claim.):
On July 29th 2005 Sergeant Cris Murray after being duly
sworn . . . stated "that there is now being kept or concealed
cocaine and marijuana at the residence known as 1289 TY Court
Auburn,Lee county Alabama . . .
The affiant, does not state he has personal knowledge of facts
of how he came to the conclusion that cocaine and marijuana was
kept or concealed at that address.

The affiant goes on in the affidavit to describe,and says
"On July 29,2005 Sergeant Chris Murray and other members of the
Auburn police department went to serve a violation of
court order warrant issued by Auburn Municipal court on
Sawelija Tyree Floyd, alias, at 1289 TY Court Auburn Lee
county, Alabama.

Officers entered the residence and from the front door,
officers could see suspected "crack" cocaine and a set
of scales on the kitchen counter.Also present in the
residence were J.B. Mitchell and Jamillah Resheda McCray
Alias ( a resident ) All three were read their miranda
rights.J.B. Mitchell,allias, stated to SGT. Murray that he
and Sawelija Tyree Floyd were smoking Marijuana when
officers knocked on the door.
Both McCray and Floyd refused to give consent to a futher
search of the apartment.
The only thing that Sergeat Murray has personally sworn to
in this affidavit is, that he concludes that cocaine and
Marijuana are now being kept at this residence.

No facts on how he came to this conclusion, nor does
Sergeant Murray, state he has or had or recieved personal-
first hand knowledge, of seeing any suspected "crack"
cocaine and a set of scales on the kitchen counter.
Also,the affidavit doesn't list or name any specific police
officer who supplied any hearsay facts or information to
Sergeant Murray in order for him to state any facts lending
to establish the commission of the offense and the guilt of
either Sawelija Tyree Floyd was in possession of any
suspected "crack" cocaine and a set scales, or have control
over said contraband.
The statment made in this affidavit is false because in the
suppression hearing this same police officer said that he
could not see any contraband from the residence's doorway,
and only when officers illegally entered the residence,
under the ruse of a search incident to arrest,then this
knowledge of any illegal drugs became known.

Lastly, Sergeant Murray in that affidavit doesn't
affirmatively conclude, that he believes that there is now
being kept or concealed cocaine and marijuana at the listed
residence.

The affidavit in this case is a "bare-bones" affidavit so
lacking in indicia of probable cause as to render any
official
belief in its existence entirely unreasonable. see Brown v.
Illinois 422 U.S. at 610-611

7

Earlier cases from the U.S. Supreme Court illustrate the limits beyond which a magistrate may not venture when issuing a warrant , a sworn statement of an affiant that " he has cause to suspect and does believe " that liquor illegally brought into the United States is located on certain premises will not do.
Nathanson v. United States ,290 U.S. 41, 78 L.Ed. 159, 54 S.Ct.11 (1933)

An affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause, and in this case it failed to do so .

(b) Direct Appeal of Ground One:

   (1) If you appealed from the judgment of conviction,

      did you raise this issue?  Yes [ ]  No [X ]

   (2) If you did not raise this issue in your direct

      appeal, explain why: **BECAUSE TRIAL ATTORNEY AND**

      **APPELLANT ATTORNEY WERE INEFFECTIVE FOR NOT RAISING**

      **AND/OR PRESERVING THIS ISSUE** .

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction
      motion, petition, or application?  Yes [ ]  No [X ]

   (2) If your answer to Question (c)(1) is "Yes," state:
      Type of motion or petition: **N/A**

   Name and location of the court where the motion or
   petition was filed: **N/A**

   Docket or case number :**N/A**

   Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order,

if available):**N/A**


(3) Did you receive a hearing on your motion, petition,
    or application? Yes [ ]   No [**X**]

(4) Did you appeal from the denial of your motion,
    petition, or application?  Yes [ ]   No [**X**]

(5) If your answer to Question (c)(4) is "Yes," did you
    raise this issue in the appeal?  Yes [ ]   No [**X**]

(6) If your answer to Question (c)(4) is "Yes," state:
    Name and location of the court where the appeal was
    filed: **N/A**

    Docket or case number (if you know):**N/A**
    Date of the court's decision: N/A
    Result (attach a copy of the court's opinion or
    order, if available):N/A


(7) If your answer to Question (c)(4) or Question
    (c)(5) is "No," explain why you did not appeal or
    raise this issue: **BECAUSE NO PETITION WAS FILED**

## GROUND TWO:
**PETITIONER'S POST ARREST STATEMENTS SHOULD BE SUPPRESSED
DUE TO HIS ILLEGAL ARREST BY AUBURN POLICE OFFICERS WITH
ILLEGAL WARRANT.**

(a) Supporting facts (Do not argue or cite law. Just state
    the specific facts that support your claim.):

    The defendant's alleged confession at the time of his
    illegal arrest at his residence and any statements made
    at the auburn police or county law enforcement facility
    has to be suppressed.

9

A confession obtained through custodial interrogation after the defendant's illegal arrest can not be used against him as evidence in any future proceeding. The state and Government concede that the violation of court order was an illegal arrest order, and therefore Auburn police had no legal right to originally arrest the defendant.

Under the U.S, Constitution, defendant's rights were violated and ant statements should be excluded from the Government from ever using them against the defendant.

(b)  Direct Appeal of Ground Two:

    (1)  If you appealed from the judgment of conviction, did you raise this issue?  Yes [ ]  No [**X**]

    (2)  If you did not raise this issue in your direct appeal, explain why:
    **BECAUSE BOTH TRIAL AND APPELLANT ATTORNEY'S WERE INEFFECTIVE FOR NOT OBJECTING TO AND/OR PRESERVING THIS ISSUE.**

(c)  Post-Conviction Proceedings:

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?  Yes [ ]  No [**X**]

    (2)  If your answer to Question (c)(1) is "Yes," state:
    Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number: **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available):**N/A**

10

(3) Did you receive a hearing on your motion, petition, or application? Yes [ ]   No [**X**]

(4) Did you appeal from the denial of your motion, petition, or application?  Yes [ ]  No [**X**]

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? Yes [ ]  No [**X** ]

(6) If your answer to Question (c)(4) is "Yes," state: Name and location of the court where the appeal was filed: **N/A**

Docket or case number: **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available):**N/A**

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **BECAUSE NONE WAS FILED**

**GROUND THREE:**
**COUNT'S TWO AND FOUR OF THE SUPERSEDING INDICTMENT FAIL TO LIST SPECIFIC DRUG QUANITIES IN ORDER FOR PETITIONER TO BE SUBJECTED ANY ENHANCED PUNISHMENTS HE RECEIVED AT SENTENCING BY TRIAL JUDGE, AND TRIAL ATTORNET WAS INEFFECTIVE FOR PERMITTING PETITIONER TO PLEAD TO THIS DEFECTIVE INDICTMENT'S COUNTS TWO AND FOUR.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.)
Defendant's plea agreement and indictment are defective and illegal because charges of 21 U.S.C. 841 (a)(1) must list, as a element of the offense the drug quantities in order to subject any defendant to any penalties.

11

The defendant by pleading guilty to these counts, didn't waive there failure to charge an offense under 21 U.S.C. 841 (a)(1)
Also counts two and four fail to charge the penalty sub-section that would expose defendant to there enhancements as in (b)(1)
Lastly the defendant's plea agreement is defective because it also lists that the drug quantity must be listed in the indictment.
The federal grand jury failed to charge the defendant with any violation of 21 U.S.C. 841 (a)(1) or (b)(1) in order for him to plead guilty to any non-listed non-charged offense.

(b) Direct Appeal of Ground Three:

   (1) If you appealed from the judgment of conviction, did you raise this issue?  Yes [ ]  No [**X**]

   (2) If you did not raise this issue in your direct appeal, explain why: **BECAUSE TRIAL AND APPELLANT ATTORNEY'S WERE INEFFECTIVE FOR NOT OBJECTING AND/OR PRESERVING THIS ISSUE**

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?  Yes [ ]  No [**X**]

   (2) If your answer to Question (c)(1) is "Yes," state:
       Type of motion or petition: **N/A**

   Name and location of the court where the motion or petition was filed: **N/A**

   Docket or case number (if you know): **N/A**

   Date of the court's decision:      **N/A**

   Result (attach a copy of the court's opinion or order, if available

12

(3) Did you receive a hearing on your motion, petition, or application?  Yes [ ]  No [**x**]

(4) Did you appeal from the denial of your motion, petition, or application?  Yes [ ]  No [**X**]

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?  Yes [ ]  No [**X**]

(6) If your answer to Question (c)(4) is "Yes," state: Name and location of the court where the appeal was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **BECAUSE NONE WAS EVER FILED**

**GROUND FOUR:**

**POLICE OFFICER'S HAD NO PROBABLE CAUSE TO INVADE PETITIONER'S LEGAL RESIDENCE AFTER HE WAS ARRESTED OUTSIDE, TAKEN INTO CUSTODY NOR DID THEY HAVE PROBABLE CAUSE TO BELIEVE THAT THERE WERE ILLEGAL DRUGS AT THIS RESIDENCE.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): **SEE ATTACHED**

(b) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?  Yes [ ]  No [X]

13

(2) If you did not raise this issue in your direct appeal, explain why: **BECAUSE PETITIONER'S TRIAL AND APPELLANT ATTORNEY'S WERE INEFFECTIVE FOR NOT OBJECTING TO AND/OR PRESERVING THIS ISSUE**

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application? Yes [ ] No [X]

(2) If your answer to Question (c)(1) is "Yes," state: Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A
Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available: N/A

(3) Did you receive a hearing on your motion, petition, or application? Yes [ ] No [X]

(4) Did you appeal from the denial of your motion, petition, or application? Yes [ ] No [X]

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? Yes [ ] No [X]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

14

(7) If your answer to Question (c) (4) or Question(c)(5)
is "No," explain why you did not appeal or raise this
issue: **BECAUSE NONE WAS FILED**

13. Is there any ground in this motion that you have
not previously presented in some federal court? YES

If so, which ground or grounds have not been presented,
and state your reasons for not presenting them: **THAT
TRIAL COUNSEL WAS INEFFECTIVE FOR NOT FILING A SECOND
MOTION TO SUPPRESS THE NEW EVIDENCE AFTER THE
GOVERNMENT FILED A SUPERSEDING INDICTMENT WHICH
WAS BASED ON ADDITIONAL ILLEGAL FRUITS OF THE INVASION
OF THE PETITIONER'S AND HIS GIRLFRIEND'S HOME.**

14. Do you have any motion, petition, or appeal now pending
(filed and not decided yet) in any court for the
judgment you are challenging? Yes [ ] No [X]

If "Yes," state the name and location of the court, the
docket or case number, the type of proceeding, and the
issues raised. N/A

15. Give the name and address, if you know, of each
attorney who represented you in the following stages
of the judgment you are challenging:

(a) At preliminary hearing: William R. Blanchard Jr.
Blanchard &  Associates
P.O. Box 746
Montgomery, AL 36104-0746

(b) At arraignment and plea: William R. Blanchard Jr.
Blanchard &  Associates
P.O. Box 746
Montgomery, AL 36104-0746

15

(c) At trial: William R. Blanchard Jr
                        Blanchard &  Associates
                        P.O. Box 746
                        Montgomery, AL 36104-0746

(d) At sentencing: William R. Blanchard Jr.
                        Blanchard &  Associates
                        P.O. Box 746
                        Montgomery, AL 36104-0746


(e) On appeal: William R. Blanchard Jr.
                        Blanchard &  Associates
                        P. O. Box 746
                        Montgomery, AL 36104-0746


(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a
    post-conviction proceeding: N/A


16. Were you sentenced on more than one count of an
    indictment, or on more than one indictment, in the
    same court and at the same time? Yes [X]  No [ ]

17. Do you have any future sentence to serve after you
    complete the sentence for the judgment that you are
    challenging?    Yes [ ] No [X]

    (a) If so, give name and location of court that imposed
        the other sentence you will serve in the future:N/A

    (b) Give the date the other sentence was imposed: N/A

    (c) Give the length of the other sentence: N/A

    (d) Have you filed, or do you plan to file, any motion,
        petition, or application that challenges the
        judgment or sentence to be served in the future?
        Yes [ ] No [X]

18. TIMELINESS OF MOTION: If your judgment of conviction
    became final over one year ago, you must explain why
    the one-year statute of limitations as contained in 28
    U.S.C. $ 2255 does not bar your motion. N/A

**Therefore, movant asks that the Court grant the following
relief: Petitioner request that both his sentence and
conviction be vacated and dismissed with prejudice, that
all evidence and all verbal statements be suppressed, and
that any plea agreements with the United States of America
be voided with prejudice, that movant be released forthwith
from the custody of any future sentence to be served
related to this cause, and any other relief to which movant
may be entitled.**

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of
perjury that the foregoing is true and correct and that
this Motion under 28 U.S.C. $ 2255 was placed in the prison
mailing system on _02/21/08_ (month, date, year).

Executed (signed) on _2/19/08_____ (date).

_Sawelija Tyree Floyd_
Signature of Movant

If the person signing is not movant, state relationship to
petitioner and explain why movant is not signing this
motion._____

17

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. $ 2255, paragraph 6, provides in part that:  A one-year period of limitation shall apply to a  motion under this section.

The limitation period shall run from the latest of-

    (1)  the date on which the judgment of conviction became final;

    (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

    (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

SUPPORTING FACT(S) FOR
GROUND FOUR

The arrest of the defendant's girlfriend and entry into the Defendant's house after

the Defendant had been arrested outside of the residence, on what was later discovered as

an invalid violation of a Court Order, based on the burning smell of marijuana and the

alleged drug dealing habits of the Defendant, the police did not support probable cause

under the totality of the circumstances to enter the residence.

Police Officers, initially went to the Defendant's residence to arrest him for a

violation of a Court Order, for an unrelated case. Once, the Police Officers knocked on

the front door and announced "Police open the door" the Defendant's girlfriend opened

the front door therefore submitting to the authority of the Auburn Police. Once the front

door was opened, and the police said that they had an arrest warrant for the Defendant

and within a minute or so the Defendant appeared at the front door stepped outside and

was taken into custody. Auburn Police Sargeant Murray, said that once the door was

opened and the Defendant was taken into custody, "we detected the odor of marijuana

burning and we actually stepped into the residence to secure it and to obviously keep any

evidence from being destroyed or anything like that (See Supp. TR-PG 12, 18 to 21). At

that point, the Defendant's girlfriend, Ms. McCray and friend J.B. Mitchell were arrested

and were not free to leave, for the purposes of the Fourth Amendment of the United

States Constitution. Sargeant Murray testified at the Suppression Hearing, that "he asked

Ms. McCray, if there was any firearms located within the residence. (See Supp-TR pg.

13-18 to 21) Along with the question, "Are there any firearms within the residence,

1

Auburn Police, also asked, if there were any other people within the residence. Ms. McCray replied, "There are no other people within the residence, however there is a handgun or weapon in the bedroom. (See Supp-TR. pg. 13, 23 to 25) it was then, that Auburn Police Officers, thereby escorted Ms. McCray to the back of the house into another room, in order for them to retrieve the handgun and/or weapon.

The transcript, from the Suppression Hearing, clearly shows that once the police arrested Ms. McCray and J. B. Mitchell, Auburn Police conducted a search incident to arrest, by demanding that Ms. McCray show to them were the handgun and/or weapon was located within the residence. While on the way to where the handgun and/or weapon was located within the residence, the now arrested McCray, police alledged to have seen what appeared and was believed to have been "Crack Cocaine" in a separate kitchen area. After retrieving this firearm, then it was when Auburn Police requested permission to search the entire residence. The defendant and Ms. McCray refused to consent to the search of the entire residence by the police, after the police had made a search incident to arrest.

The Defendant asserts that Auburn Police's entry into his and Ms. McCray legal residence was illegal, because there was absolutely no probable cause of the totality of the circumstances in which this case, the court used the smell of burning marijuana and the alleged "drug dealing history," in which was never established by any reliable information. In the Suppression Hearing, Sargeant Murray says, that his alleged confidential informant(s), which allegedly gave information that the defendant was a drug

2

dealer could not have been substantiated and the defendant's trial attorney was ineffective for not objecting or filing a motion to exclude any hearsay evidence from becoming part of the Suppression Hearing's record.

The record shows that Auburn Police Officers had never and did not even have probable cause to obtain a search warrant of the defendant's residence. Auburn Police had never made or attempted to make any controlled drug buys from the defendant. Also, that no drug sales were ever made, by the Defendant from his residence. Lastly, on page 37, line 3, Auburn Police Sargeant Murray says that no information about the Defendant has ever been given or submitted, that Mr. Floyd was violent.

The initial seizure of Ms. McCray and J. B. Mitchell was illegal, because of the alleged smell of burning marijuana without more could not support any probable cause that a crime or evidence of contraband was in the residence. The Police did not have any reliable information that would establish he was a drug dealer or had a drug dealing history at the time of his arrest or at the time of the Auburn Police's entry into defendant's residence. Auburn Police performed an illegal search incident to Ms. McCray and J. B. Mitchell's arrest, for a firearm in another separate room which neither had immediate control.

Under the "search incident to arrest" principle, when an arrest is made it is reasonable for the arresting officer to search the person arrested in order to remove any weapons which the latter might seek to use in order to resist arrest or effect his or her escape.

In this case, the Police Officers, from the Auburn Police Department, used the rule of search incident to arrest, in order to gain "plain view" of the suspected "Crack Cocaine" which was the basis of the Auburn Police Sargeant Murray's sworn statement in his affidavit to support search warrant.

The government's evidence which was illegally gained under the plain view doctrine. It is an essential predicate to any warrantless seizure of incriminating evidence under the "plain view" doctrine that the police officer did not violate the Fourth Amendment of the United States Constitution in arriving at the place from which the evidence could be plainly viewed: There are, moreover, two (2) additional condition(s) that must be satisfied: First, not only must the item be in plain view, but also its incrimination character must be immediately apparent; Second, not only must the officer be lawfully located in a place from which the object can be plainly seen, but also he or she must have a lawful right of access to the object itself. Auburn Police Officers, did not have probable cause to enter, arrest and seize Ms. McCray and J. B. Mitchell, on the smell of alledged burning of marijuana at 1289 TY Court on July 29, 2005. Once arrested, the Auburn Police Officers, under the rule of search incident to arrest gained "plain view" of the suspected "Crack Cocaine" in the kitchen area. No reliable credible information was ever established from any identified informant, in order for this information about the Defendant "drug dealing" history that would additionally supply under the totality of the circumstances, the smell of burning marijuana for probable cause for those police officers to illegally enter the Defendant and Ms. McCray' home.

4



Swelija Tyree Floyd #190962/F3-24B
Staton Corr. Fac.
P.O.Box# 56
Elmore, AL 36025-0056

Debra P.Hackett, Clerk
The united States District Court
For the Middle District of Alabama
P.O.Box#711
Montgomery, Al 36101-0711

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Middle District of Alabama

UNITED STATES OF AMERICA

    v.                                  Case Number 3:05-CR-187-LSC

SAWELIJA TYREE FLOYD                     USM Number 11774-002
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, SAWELIJA TYREE FLOYD, was represented by William Rives Blanchard, Jr.

The defendant pleaded guilty to counts 1, 2, 3, and 4. Accordingly, the defendant is adjudged guilty of the following counts, involving the indicated offenses:

| Title & Section | Nature of Offense | Offense Ended | Count Numbers |
|---|---|---|---|
| 21 USC 841(a)(1) | Possession with Intent to Distribute Cocaine Base | 7/29/2005 | 1 |
| 21 USC 841(a)(1) | Possession with Intent to Distribute Marijuana | 7/29/2005 | 2 |
| 21 USC 841(a)(1) | Possession with Intent to Distribute Cocaine Hydrochloride | 7/29/2005 | 3 |
| 21 USC 841(a)(1) | Possession with Intent to Distribute MDMA/Ecstasy | 7/29/2005 | 4 |

As pronounced on December 18, 2006, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $400.00, for counts 1, 2, 3, and 4, which shall be due immediately, payable to the Clerk, U.S. District Court, Middle District of Alabama, P.O. Box 711, Montgomery, AL 36104.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Done this 19th day of December 2006.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124019

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 5

Defendant:  SAWELIJA TYREE FLOYD
Case Number:  3:05-CR-187-LSC

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of TWO HUNDRED TEN (210) months.  This term consists of terms of 210 months as to Counts one, three, and four and 60 months as to Count two, separately, with each count to run concurrently.

The Court recommends to the Bureau of Prisons that the defendant be evaluated and allowed to participate in the 500 hour Intensive Residential Substance Abuse Treatment Program and be housed as close as possible to his family in Auburn, Lee County, Alabama.  The drug treatment should take first priority.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at _____

_____, with a certified copy of this Judgment.

_____
United States Marshal

By     _____
Deputy Marshal

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 5

Defendant: SAWELIJA TYREE FLOYD
Case Number: 3:05-CR-187-LSC

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 60 months. This term consists of five years on Counts one and three and three years on Counts two and four, with all counts to run concurrently. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐       The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

✔       The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

✔       The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐       The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)

☐       The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)       the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)       the defendant shall support his or her dependents and meet other family responsibilities;

5)       the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)       the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)       the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)       the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Continuation of Standard Conditions of Supervised Release

Judgment--Page 4 of 5

Defendant: SAWELIJA TYREE FLOYD
Case Number: 3:05-CR-187-LSC

### CONTINUATION OF STANDARD CONDITIONS OF SUPERVISED RELEASE

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 (cont'd) - Supervised Release

Judgment--Page 5 of 5

Defendant: SAWELIJA TYREE FLOYD
Case Number: 3:05-CR-187-LSC

### SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall submit to a search of his person, residence, office, or vehicle pursuant to the search policy of this court.
2) The defendant shall cooperate in the collection of DNA as directed by the probation officer.
3) The defendant shall participate in drug testing and treatment, under the administrative supervision of the probation office, and shall contribute to the cost of any treatment based on his ability to pay and availability of third party payments.

CLOSED

# U.S. District Court
## Alabama Middle District (Opelika)
## CRIMINAL DOCKET FOR CASE #: 3:05-cr-00187-LSC-SRW-1
### Internal Use Only

Case title: USA v. Floyd

Date Filed: 09/08/2005
Date Terminated: 12/19/2006

Assigned to: Honorable L. Scott Coogler
Referred to: Honorable Susan Russ Walker

Appeals court case number: '07-10005-F' 'USCA'

**Defendant**

**Sawelija Tyree Floyd** (1)
*TERMINATED: 12/19/2006*
*also known as*
Tyree Floyd (1)
*TERMINATED: 12/19/2006*
*also known as*
Ty Floyd (1)
*TERMINATED: 12/19/2006*

represented by **David Bryson Byrne, Jr.**
The Colonial BancGroup, Inc.
100 Colonial Bank Blvd.
Montgomery, AL 36117
334-676-5460
Fax: 334-676-5069
Email: david_byrne@colonialbank.com
*TERMINATED: 10/03/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**William Rives Blanchard, Jr.**
Blanchard Law Offices
505 South Perry Street
Montgomery, AL 36104-4615
334-269-9691
Fax: 334-263-4766
Email: bill@blanchardlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

**Disposition**

21:841(a)(1); CONTROLLED
SUBSTANCE - SELL, DISTRIBUTE,
OR DISPENSE; NMT $4,000,000 [*];
NLT 10Y, NMT Life, or B; NLT 5Y
SUP REL; $100 SA; G-LINES; VWPA
(1s)

210 Mos Imp consisting of 210 Mos as
to Cts 1, 3 & 4 and 60 Mos as to Ct 2,
to run CC; 60 Mos Sup Rel consisting
of 5 Yrs on cts 1 & 3 and 3 Yrs on Cts 2
& 4, to run CC; $400 SA

21:841(a)(1); CONTROLLED
SUBSTANCE - SELL, DISTRIBUTE,
OR DISPENSE; NMT $250,000 [*];
NMT 5Y, or B; NLT 2Y SUP REL;
$100 SA; G-LINES; VWPA
(2s)

210 Mos Imp consisting of 210 Mos as
to Cts 1, 3 & 4 and 60 Mos as to Ct 2,
to run CC; 60 Mos Sup Rel consisting
of 5 Yrs on cts 1 & 3 and 3 Yrs on Cts 2
& 4, to run CC; $400 SA

21:841(a)(1); CONTROLLED
SUBSTANCE - SELL, DISTRIBUTE,
OR DISPENSE; NMT $2,000,000 [*];
NLT 5Y, NMT 40Y, or B; NLT 4Y
SUP REL; $100 SA; G-LINES; VWPA
(3s)

210 Mos Imp consisting of 210 Mos as
to Cts 1, 3 & 4 and 60 Mos as to Ct 2,
to run CC; 60 Mos Sup Rel consisting
of 5 Yrs on cts 1 & 3 and 3 Yrs on Cts 2
& 4, to run CC; $400 SA

21:841(a)(1); CONTROLLED
SUBSTANCE - SELL, DISTRIBUTE,
OR DISPENSE; NMT $1,000,000 [*];
NMT 20Y, or B; NLT 3Y SUP REL;
$100 SA; G-LINES; VWPA
(4s)

210 Mos Imp consisting of 210 Mos as
to Cts 1, 3 & 4 and 60 Mos as to Ct 2,
to run CC; 60 Mos Sup Rel consisting
of 5 Yrs on cts 1 & 3 and 3 Yrs on Cts 2
& 4, to run CC; $400 SA

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                              **Disposition**

21:841(a)(1); CONTROLLED
SUBSTANCE - SELL, DISTRIBUTE,
OR DISPENSE; NMT $1,000,000 [*];        Dismissed by Motion of the
NMT 20Y or B; NLT 3Y SUP REL;           Government
$100 SA; G-LINES; VWPA
(1-2)

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                                     **Disposition**

None

**Plaintiff**

**USA**                                    represented by    **Nathan D. Stump**
U S Attorney's Office
One Court Square
PO Box 197
Montgomery, AL 36104
334-223-7280
Fax: 334-223-7135
Email: nathan.stump@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd A. Brown**
U.S. Attorney's Office
PO Box 197
Montgomery, AL 36101-0197
334-223-7280
Fax: 223-7560
Email: todd.brown@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 09/08/2005 | 1 | INDICTMENT as to Sawelija Tyree Floyd (1) count(s) 1-2. (kcg, ) (Entered: 09/12/2005) |
| 09/08/2005 | 2 | (Court only) Limits of Punishment as to Sawelija Tyree Floyd: (kcg, ) (Entered: 09/12/2005) |
| 09/12/2005 | 3 | WARRANT Issued as to Sawelija Tyree Floyd. (kcg, ) (Entered: 09/12/2005) |
| 09/15/2005 |   | Case unsealed as to Sawelija Tyree Floyd per notice of arrest by USMS. (kcg, ) (Entered: 09/15/2005) |
| 09/15/2005 |   | Arrest of Sawelija Tyree Floyd (sql, ) (Entered: 09/16/2005) |
| 09/15/2005 | 4 | Minute Entry for proceedings held before Judge Delores R. Boyd :Initial Appearance as to Sawelija Tyree Floyd held on 9/15/2005 (Recording Time FTR: 3:06 - 3:15 pm.) (sql, ) (Entered: 09/16/2005) |
| 09/15/2005 | 5 | ORDER Setting Conditions of Release as to Sawelija Tyree Floyd (1) $25,000 non-surety . Signed by Judge Delores R. Boyd on 9/15/2005. (sql, ) (Entered: 09/16/2005) |
| 09/15/2005 | 6 | non-surety Bond Entered as to Sawelija Tyree Floyd in amount of $ $25,000, (sql, ) (Entered: 09/16/2005) |

| 09/15/2005 | ⊙7 | NOTICE TO RETAINED CRIMINAL DEFENSE ATTORNEY as to Sawelija Tyree Floyd handed to David Byrne, Jr. in open court. (sql, ) (Entered: 09/16/2005) |
| 09/15/2005 | ⊙ | Set/Reset Deadlines/Hearings as to Sawelija Tyree Floyd: Arraignment set for 9/21/2005 10:00 AM in Courtroom 5B before Honorable Susan Russ Walker. (sql, ) (Entered: 09/16/2005) |
| 09/15/2005 | ⊙ | Attorney update in case as to Sawelija Tyree Floyd. Attorney David Bryson Byrne, Jr for Sawelija Tyree Floyd added. (sql, ) (Entered: 09/16/2005) |
| 09/15/2005 | 9 | (Court only) Arrest Warrant Returned Executed in case as to Sawelija Tyree Floyd. Defendant arrested on 9/15/05. (kcg, ) (Entered: 09/20/2005) |
| 09/16/2005 | ⊙8 | ORDER as to Sawelija Tyree Floyd Arraignment set for 9/21/2005 10:00 AM in Courtroom 5B before Honorable Susan Russ Walker. If the defendant is in custody, the United States Marshal or the rperson having custody of the defendatn shall produce the defendant for this proceeding. Signed by Judge Susan Russ Walker on 9/16/05. (kcg, ) (Entered: 09/16/2005) |
| 09/21/2005 | ⊙10 | NOTICE OF ATTORNEY APPEARANCE: David Byrne appearing for Sawelija Tyree Floyd (jct, ) (Entered: 09/21/2005) |
| 09/21/2005 | ⊙11 | WAIVER of Speedy Trial by Sawelija Tyree Floyd (jct, ) (Entered: 09/21/2005) |
| 09/21/2005 | ⊙12 | Minute Entry for proceedings held before Judge Susan Russ Walker :Arraignment as to Sawelija Tyree Floyd (1) Count 1-2 held on 9/21/2005, Plea entered by Sawelija Tyree Floyd Not Guilty on counts 1-2. (Recording Time 11:49 - 11:51.) (jct, ) (Entered: 09/21/2005) |
| 09/23/2005 | ⊙13 | ORDER ON ARRAIGNMENT TO INCLUDE ORDER TO CONTINUE - Ends of Justice as to Sawelija Tyree Floyd. Pretrial Conference set for 10/17/2005 03:00 PM in Courtroom 5B before Honorable Susan Russ Walker. Jury Trial set for 2/13/2006 before Hon. Chief Judge Mark E. Fuller. Pretrial Motions due by 10/15/2005. Response to Motion due by 10/27/2005. Discovery due by 9/28/2005. Signed by Judge Susan Russ Walker on 9/23/05. (kcg, ) (Entered: 09/23/2005) |
| 09/26/2005 | ⊙14 | MOTION to Withdraw as Attorney by David B. Byrne, Jr. as to defendant Sawelija Tyree Floyd. (kcg, ) (Entered: 09/26/2005) |
| 09/29/2005 | ⊙15 | ORDER as to Sawelija Tyree Floyd that upon consideration of defendant's 14 MOTION to Withdraw as Attorney by David B. Byrne, Jr.. filed by Sawelija Tyree Floyd, a Telephone Conference is set for 10/3/2005 02:30 PM before Honorable Susan Russ Walker. Filing counsel, David Byrne, is DIRECTED to set up the conference call. If new counsel has been retained he or she shall be on the conference call as well. Signed by Judge Susan Russ Walker on 9/29/05. (kcg, ) (Entered: 09/29/2005) |

| 10/03/2005 | ❷ | ORAL ORDER granting 14 Motion to Withdraw as Attorney. David Bryson Byrne, Jr withdrawn from case as to Sawelija Tyree Floyd (1). Signed by Judge Susan Russ Walker on 10/3/05. (jct, ) (Entered: 10/03/2005) |
|---|---|---|
| 10/03/2005 | ❷16 | Minute Entry for proceedings held before Judge Susan Russ Walker :Motion Hearing as to Sawelija Tyree Floyd held on 10/3/2005 re 14 MOTION to Withdraw as Attorney by David B. Byrne, Jr. filed by Sawelija Tyree Floyd; ORAL ORDER granting motion; Added attorney William Rives Blanchard, Jr for Sawelija Tyree Floyd; Attorney Blanchard to file notice of appearance, Motions deadline extended to 10/27/2005. (Recording Time 2:36 - 2:40.) (jct, ) (Entered: 10/03/2005) |
| 10/06/2005 | ❷17 | NOTICE OF ATTORNEY APPEARANCE: William Rives Blanchard, Jr appearing for Sawelija Tyree Floyd *Defendant* (Blanchard, William) (Entered: 10/06/2005) |
| 10/17/2005 | ❷18 | Minute Entry for proceedings held before Judge Susan Russ Walker :Pretrial Conference as to Sawelija Tyree Floyd held on 10/17/2005 (Recording Time 3:18 - 3:21.) (jct, ) (Entered: 10/18/2005) |
| 10/19/2005 | ❷19 | PRETRIAL CONFERENCE ORDER as to Sawelija Tyree Floyd Jury Selection set for 2/13/2006 before Hon. Chief Judge Mark E. Fuller. Jury Trial (which is expected to last 2 days) is set for 2/13/2006 before Hon. Chief Judge Mark E. Fuller. Pretrial Conference set for 1/20/2006 03:00 PM in Courtroom 5B before Honorable Susan Russ Walker. Voir Dire due by 2/6/2006; Proposed Jury Instructions due by 2/6/2006; Motions in Limine due by 2/6/2006; Plea Agreement due by 2/6/2006. Signed by Judge Susan Russ Walker on 10/19/05. (kcg, ) (Entered: 10/19/2005) |
| 10/27/2005 | ❷20 | MOTION to Suppress *Statements & Physical Evidence* by Sawelija Tyree Floyd. (Blanchard, William) (Entered: 10/27/2005) |
| 10/31/2005 | ❷21 | ORDER as to Sawelija Tyree Floyd re 20 MOTION to Suppress *Statements & Physical Evidence* filed by Sawelija Tyree Floyd. It is ORDERED that a Hearing is set for 12/14/2005 02:00 PM in Courtroom 5B before Honorable Susan Russ Walker. If the defendant is in custody, the United States Marshal or the person having custody of the defendant shall produce the defendant for this proceeding. Signed by Judge Susan Russ Walker on 10/31/05. (kcg, ) (Entered: 10/31/2005) |
| 11/09/2005 | ❷22 | RESPONSE to Motion by Sawelija Tyree Floyd re 20 MOTION to Suppress *Statements & Physical Evidence* (Attachments: # 1 Exhibit A, B, C, D)(Brown, Todd) (Entered: 11/09/2005) |
| 12/08/2005 | ❷ | Case as to Sawelija Tyree Floyd Reassigned to Judge L. Scott Coogler. Judge Mark E. Fuller no longer assigned to the case. (kcg, ) (Entered: 12/08/2005) |
| 12/08/2005 | ❷ | UPDATE TRIAL DEADLINES as to Sawelija Tyree Floyd: Jury Selection and Trial set for 2/13/2006 10:00 AM in Courtroom 2D before |

|  |  | Honorable L. Scott Coogler. (kcg, ) (Entered: 12/12/2005) |
|---|---|---|
| 12/14/2005 | 23 | Minute Entry for proceedings held before Judge Susan Russ Walker :Motion Hearing as to Sawelija Tyree Floyd held on 12/14/2005 re 20 MOTION to Suppress Statements & Physical Evidence filed by Sawelija Tyree Floyd, (Court Reporter Jimmy Dickens.) (Attachments: # 1 Witness List# 2 Defendant's Exhibit List# 3 Government's Exhibit List) (Exhibits in separate envelope with court file) (jct, ) (Entered: 12/15/2005) |
| 12/16/2005 | 24 | ORDER as to Sawelija Tyree Floyd re 20 MOTION to Suppress Statements & Physical Evidence filed by Sawelija Tyree Floyd, Government's post-trial Brief due by 1/4/2006; Defendant's Reply Brief due by 1/11/2006. Signed by Judge Susan Russ Walker on 12/16/05. (jct, ) (Entered: 12/16/2005) |
| 12/21/2005 | | TRANSCRIPT of Proceedings as to Sawelija Tyree Floyd of suppression hearing held on 12/14/2005 before Judge Susan Walker. Court Reporter: Jimmy Dickens. (sql, ) (Entered: 12/23/2005) |
| 01/04/2006 | 25 | BRIEF/RESPONSE in Opposition by USA as to Sawelija Tyree Floyd re 20 MOTION to Suppress *Statements & Physical Evidence Post-Hearing* (Brown, Todd) (Entered: 01/04/2006) |
| 01/10/2006 | 26 | BRIEF/RESPONSE in Support by Sawelija Tyree Floyd re 20 MOTION to Suppress *Statements & Physical Evidence* (Blanchard, William) (Entered: 01/10/2006) |
| 01/11/2006 | 27 | ORDER as to Sawelija Tyree Floyd re 26 Brief/Response in Support filed by Sawelija Tyree Floyd. The Government shall file a Reply on or before 1/13/2006. Signed by Judge Susan Russ Walker on 1/11/06. (kcg, ) (Entered: 01/11/2006) |
| 01/13/2006 | 28 | BRIEF/RESPONSE in Opposition by USA as to Sawelija Tyree Floyd re 20 MOTION to Suppress *Statements & Physical Evidence Reply Brief to Defendant's Post-Hearing Brief* (Brown, Todd) (Entered: 01/13/2006) |
| 01/18/2006 | 29 | REPORT AND RECOMMENDATIONS as to Sawelija Tyree Floyd re 20 MOTION to Suppress *Statements & Physical Evidence*, recommending that the motion be denied. Objections to R&R due by 1/26/2006. Signed by Judge Susan Russ Walker on 1/18/06. (kcg, ) (Entered: 01/18/2006) |
| 01/20/2006 | 30 | Minute Entry for proceedings held before Judge Susan Russ Walker :Pretrial Conference as to Sawelija Tyree Floyd held on 1/20/2006 (Recording Time 3:06 - 3:09.) (jct, ) (Entered: 01/20/2006) |
| 01/20/2006 | 31 | SUPERSEDING INDICTMENT as to Sawelija Tyree Floyd (1) count(s) 1s, 2s, 3s, 4s. (kcg, ) (Entered: 01/25/2006) |
| 01/20/2006 | 32 | Limits of Punishment as to Sawelija Tyree Floyd: (kcg, ) (Entered: 01/25/2006) |
| 01/25/2006 | 33 | Summons Issued in case as to Sawelija Tyree Floyd (kcg, ) (Entered: 01/25/2006) |

| 01/25/2006 | 🔘 | Set/Reset Hearings as to Sawelija Tyree Floyd: Arraignment set for 2/8/2006 10:00 AM in Courtroom 5B before Honorable Susan Russ Walker. (kcg, ) (Entered: 01/25/2006) |
| 01/26/2006 | 🔘34 | OBJECTION TO REPORT AND RECOMMENDATIONS 29 by Sawelija Tyree Floyd (Blanchard, William) (Entered: 01/26/2006) |
| 01/30/2006 | 🔘35 | ORDER ADOPTING REPORT AND RECOMMENDATIONS as to Sawelija Tyree Floyd for 29 Report and Recommendations. It is Ordered that the Report and Recommendation of teh Honorable Susan Russ Walker, U.S. Magistrate Judge (Doc. 29) be accepted and hereby is accepted as entered. This Court adopts the report and recommendation as the Order of this Court as if the same were set forth at this point in extenso, as further set out. Signed by Judge L. Scott Coogler on 1/30/06. (kcg, ) (Entered: 01/31/2006) |
| 02/02/2006 | 🔘36 | NOTICE OF INTENT TO CHANGE PLEA by Sawelija Tyree Floyd (Blanchard, William) (Entered: 02/02/2006) |
| 02/03/2006 | 🔘37 | ORDER as to Sawelija Tyree Floyd Change of Plea Hearing set for 2/6/2006 03:00 PM in Courtroom 5B before Honorable Susan Russ Walker; directing Clerk to provide a court reporter for this proceeding; that if defendant is in custody USM to produce the defendant for this proceeding. Signed by Judge Susan Russ Walker on 2/3/06. (jct, ) (Entered: 02/03/2006) |
| 02/06/2006 | 🔘38 | MOTION to Dismiss *Indictment filed September 8, 2005, for cause shown: Superseding Indictment filed January 20, 2006,* by USA as to Sawelija Tyree Floyd. (Attachments: # 1 Text of Proposed Order)(Brown, Todd) (Entered: 02/06/2006) |
| 02/06/2006 | 🔘39 | Consent to Enter Guilty Plea before U. S. Magistrate Judge as to Sawelija Tyree Floyd (jct, ) (Entered: 02/06/2006) |
| 02/06/2006 | 🔘40 | PLEA AGREEMENT (Conditional Plea) as to Sawelija Tyree Floyd (jct, ) (Entered: 02/06/2006) |
| 02/06/2006 | 🔘 | ORAL ORDER accepting guilty plea and adjudicating defendant guilty as to Counts 1-4 of the Superseding Indictment as to Sawelija Tyree Floyd . Signed by Judge Susan Russ Walker on 2/6/06. (jct, ) (Entered: 02/06/2006) |
| 02/06/2006 | 🔘 | ORAL ORDER that defendant be released and continued under the same conditions(with the addition of electronic monitoring) imposed by the U. S. Magistrate Judge on September 15, 2005 when the monitoring is set up as to Sawelija Tyree Floyd . Signed by Judge Susan Russ Walker on 2/6/06. (jct, ) (Entered: 02/06/2006) |
| 02/06/2006 | 🔘41 | Minute Entry for proceedings held before Judge Susan Russ Walker :Change of Plea Hearing as to Sawelija Tyree Floyd held on 2/6/2006, Plea entered by Sawelija Tyree Floyd (1) Guilty Count 1s,2s,3s,4s. (Court Reporter Risa Entrekin.) (jct, ) (Entered: 02/06/2006) |

| 02/06/2006 | ●42 | ORDER granting 38 Motion to Dismiss Original Indictment that was filed 9/8/05 as to Sawelija Tyree Floyd (1). Signed by Judge L. Scott Coogler on 2/6/06. (kcg, ) (Entered: 02/06/2006) |
|---|---|---|
| 02/08/2006 | ●43 | ORDER OF DETENTION/RELEASE ORDER PENDING SENTENCING as to Sawelija Tyree Floyd that pursuant to a Crime Control Act of 1990, the court finds that defendant has entered a plea of guilty to: an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act, or the Maritime Drug Law Enforcement Act. Pursuant to 18 U.S.C. 3145(c), the Court finds that there are exceptional reasons why the defendant's detention would not be appropriate, and that the defendant is not likely to flee or pose a danger to the safety of any other person or the community pending imposition of sentence. It is therefore, ordered that the defendant be released and continued under the same conditions imposed by the U.S. Magistrate Judge on September 15, 2005 with the additional condition that the defendant be placed on electronic monitoring. The defendant will be remanded to the custody of the U.S. Marshal until such time the elctronic monitoring equiptment can be installed. Signed by Judge Susan Russ Walker on 2/8/06. (kcg, ) (Entered: 02/08/2006) |
| 02/09/2006 | ●44 | Summons Returned Executed on 1/28/06 as to Sawelija Tyree Floyd (kcg, ) (Entered: 02/15/2006) |
| 02/14/2006 | ●45 | ORDER as to Sawelija Tyree Floyd Sentencing is set for 6/29/2006 09:30 AM in Courtroom 2D before Honorable L. Scott Coogler, as further set out. Signed by Judge L. Scott Coogler on 2/14/06. (kcg, ) (Entered: 02/15/2006) |
| 06/20/2006 | ●46 | MOTION to Continue *Sentencing* by USA as to Sawelija Tyree Floyd. (Brown, Todd) (Entered: 06/20/2006) |
| 06/22/2006 | ●47 | STAMPED ORDER granting 46 Motion to Continue Sentencing as to Sawelija Tyree Floyd (1). Signed by Judge L. Scott Coogler on 6/22/06. (kcg, ) (Entered: 06/22/2006) |
| 06/23/2006 | ● | Terminate Deadlines and Hearings as to Sawelija Tyree Floyd: (kcg, ) (Entered: 06/23/2006) |
| 10/17/2006 | ●51 | ORDER as to Sawelija Tyree Floyd Sentencing set for 12/18/2006 11:15 AM in Courtroom 2D before Honorable L. Scott Coogler.. Signed by Judge L. Scott Coogler on 10/17/06. (kcg, ) (Entered: 10/17/2006) |
| 12/13/2006 | ●52 | MOTION for Writ of Habeas Corpus ad prosequendum by USA as to Sawelija Tyree Floyd. (Attachments: # 1 Text of Proposed Order)(Brown, Todd) (Entered: 12/13/2006) |
| 12/13/2006 | ●53 | ORDER granting 52 Motion for Writ of Habeas Corpus ad prosequendum as to Sawelija Tyree Floyd (1), to bring said prisoner before this court for sentencing, to be held at Montgomery, Alabama, on December 18, 2006 at 11:15 a.m.. Signed by Judge Susan Russ Walker on 12/13/06. (kcg, ) |

| | | (Entered: 12/13/2006) |
|---|---|---|
| 12/13/2006 | 🔗54 | Writ of Habeas Corpus ad Prosequendum Issued as to Sawelija Tyree Floyd for 12/18/06 at 11:15 a.m. for Sentencing. (kcg, ) (Entered: 12/13/2006) |
| 12/18/2006 | 🔗55 | MOTION for Downward Departure *for Substantial Assistance* by USA as to Sawelija Tyree Floyd. (Brown, Todd) (Entered: 12/18/2006) |
| 12/18/2006 | 🔗56 | Minute Entry for proceedings held before Judge L. Scott Coogler :Sentencing held on 12/18/2006 as to Sawelija Tyree Floyd (1) (Court Reporter James R. Dickens.) (Attachments: # 1 Courts Exhibit List) [exhibits maintained w/file in separate binder]. (kcg, ) (Entered: 12/21/2006) |
| 12/18/2006 | 🔗 | ORAL ORDER as to Sawelija Tyree Floyd GRANTING 55 MOTION for Downward Departure *for Substantial Assistance* filed by USA. Signed by Judge L. Scott Coogler on 12/18/06. (kcg, ) (Entered: 12/21/2006) |
| 12/19/2006 | 🔗57 | JUDGMENT as to Sawelija Tyree Floyd (1), Count(s) 1-2, Dismissed by Motion of the Government; Count(s) 1s, 2s, 3s, 4s, 210 Mos Imp consisting of 210 Mos as to Cts 1, 3 & 4 and 60 Mos as to Ct 2, to run CC; 60 Mos Sup Rel consisting of 5 Yrs on cts 1 & 3 and 3 Yrs on Cts 2 & 4, to run CC; $400 SA . Signed by Judge L. Scott Coogler on 12/19/06. (kcg, ) (Entered: 12/21/2006) |
| 12/19/2006 | | (Court only) ***Case Terminated as to Sawelija Tyree Floyd (kcg, ) (Entered: 12/21/2006) |
| 12/28/2006 | 🔗58 | NOTICE OF APPEAL by Sawelija Tyree Floyd re 57 Judgment, (Blanchard, William) (Entered: 12/28/2006) |
| 12/28/2006 | 🔗 | Transmission of Notice of Appeal and Certified copy of Docket Sheet and Order as to Sawelija Tyree Floyd to US Court of Appeals re 58 Notice of Appeal - Final Judgment (ydw, ) (Entered: 12/28/2006) |
| 01/05/2007 | 🔗 | USCA Appeal Fees received $ 455, receipt number 112704 as to Sawelija Tyree Floyd re 58 Notice of Appeal - Final Judgment (ydw, ) (Entered: 01/08/2007) |
| 01/08/2007 | 🔗59 | TRANSCRIPT REQUEST by Sawelija Tyree Floyd for proceedings held on 12/14/05 Suppression Hearing (Court Reporter James Dickens) & 02/06/06 Change of Plea Hearing (Court Reporter Risa Entrekin) before Judge Susan Russ Walker, re 58 Notice of Appeal - Final Judgment (Blanchard, William) (Entered: 01/08/2007) |
| 01/09/2007 | 🔗 | USCA Case Number as to Sawelija Tyree Floyd 07-10005-F for 58 Notice of Appeal - Final Judgment filed by Sawelija Tyree Floy. (ydw, ) (Entered: 01/09/2007) |
| 01/09/2007 | 🔗60 | TRANSCRIPT REQUEST by Sawelija Tyree Floyd for proceedings held on 12/18/2006 Sentencing Hearing (Court Reporter James Dickens) before Judge L. Scott Coogler, re 58 Notice of Appeal - Final Judgment |

|  |  | (Blanchard, William) (Entered: 01/09/2007) |
|---|---|---|
| 01/11/2007 | ᯤ61 | TRANSCRIPT re 58 Notice of Appeal - Final Judgment(PDF available for court use only) filed as to Sawelija Tyree Floyd of Sentencing Hearing held 12/18/06 before Judge L. Scott Coogler, Court Reporter: James Dickens. (ydw, ) (Entered: 01/11/2007) |
| 01/12/2007 | ᯤ62 | Arrest Warrant Returned Unexecuted in case as to Sawelija Tyree Floyd. (kcg, ) (Entered: 01/12/2007) |
| 01/19/2007 | ᯤ63 | TRANSCRIPT re 58 Notice of Appeal - Final Judgment (PDF available for court use only)of Change of Plea Proceeding as to Sawelija Tyree Floyd for dates of 2/6/06 before Judge Susan Russ Walker, Court Reporter: Risa Entrekin. (ydw, ) (Entered: 01/19/2007) |
| 02/08/2007 | ᯤ64 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Sawelija Tyree Floyd (kcg, ) (Entered: 02/08/2007) |
| 03/06/2007 | ᯤ | Certificate of Readiness to US Court of Appeals re 07-10005-F, 58 Notice of Appeal - Final Judgment (ydw, ) (Entered: 03/06/2007) |
| 04/19/2007 | ᯤ | Request for Record on Appeal By USCA Eleventh Circuit re 07-10005-F, 58 Notice of Appeal - Final Judgment (ydw, ) (Entered: 04/19/2007) |
| 04/19/2007 | ᯤ | Certified and Transmitted Record on Appeal as to Sawelija Tyree Floyd to US Court of Appeals re 07-10005-FF, 58 Notice of Appeal - Final Judgment (ydw, ) (Entered: 04/19/2007) |
| 04/26/2007 | ᯤ | Acknowledgement of Receipt of Record on Appeal from USCA re re 07-10005-F, 58 Notice of Appeal - Final Judgment (ydw, ) (Entered: 04/27/2007) |
| 10/10/2007 | ᯤ65 | Per Curiam Opinion received from USCA Eleventh Circuit of Opinion Entered on 11th Circuit Appeal No. 07-10005-FF, 58 Notice of Appeal - Final Judgment; In sum, the officers relied in good faith upon the invalid VCO arrest warrant in initially approaching Floyd's home. Moreover, the officers did not unconstitutionally knock on Floyd's door or enter his house based upon the smell of burning marijuana emanating from the house. Accordingly, we conclude tht the district court did not err in denying Floyd's motion to suppress. Thus, Floyd's convictions are AFFIRMED. (ydw, ) (Entered: 10/18/2007) |
| 10/10/2007 | ᯤ66 | JUDGMENT ISSUED AS MANDATE 10/09/07 of USCA (certified copy) as to Sawelija Tyree Floyd re 58 Notice of Appeal - Final Judgment, 11th Circuit Appeal No. 07-10005-FF AFFIRMING the District Court's decision. (ydw, ) (Entered: 10/18/2007) |
| 10/10/2007 | ᯤ | Appeal Record Returned as to Sawelija Tyree Floyd; RE: 11th Circuit Appeal No. 07-10005-FF, 58 Notice of Appeal - Final Judgment(ydw, ) (Entered: 10/18/2007) |
| 12/31/2007 | ᯤ67 | ORDER as to Sawelija Tyree Floyd that before this court is a request by the Federal Bureau of Prisons that this Court indicate its position on |

| | | |
|---|---|---|
| | | running the sentence of the defendant in the above case concurrent with his state prison sentences. Apparently the defendant has requested that the Federal Bureau of Prisons run his sentence concurrent with his state sentences. The Government is Ordered to file a notice with this court indicating its position on the defendant's request within ten days of the date of this order. Signed by Judge L. Scott Coogler on 12/31/07. (kcg, ) (Entered: 01/02/2008) |
| 01/09/2008 | 🌀68 | MOTION for Extension of Time to File Response/Reply as to 67 Order,, by USA as to Sawelija Tyree Floyd. (Stump, Nathan) (Entered: 01/09/2008) |
| 01/10/2008 | 🌀69 | STAMPED ORDER granting 68 Motion for Extension of Time to File Response/Reply as to Sawelija Tyree Floyd (1). Signed by Judge L. Scott Coogler on 1/10/08. (kcg, ) (Entered: 01/10/2008) |
| 01/22/2008 | 🌀70 | NOTICE of Government's Position on Concurrent or Consecutive Sentences by USA as to Sawelija Tyree Floyd re 67 Order,, (Stump, Nathan) (Entered: 01/22/2008) |
| 01/23/2008 | 🌀71 | USCA Appeal Remark re 07-10005-FF, 58 Notice of Appeal - Final Judgment :The Court today entered the following order in the above-entitled case: The petition for a writ of certiorari is denied. William K. Suter, Clerk (ydw, ) (Entered: 01/23/2008) |
| 01/28/2008 | 🌀72 | ORDER as to Sawelija Tyree Floyd that before this Court is the request by the Federal Bureau of Prisons that this Court indicate its position on running the sentence of the defendant in the above case concurrent with his state prison sentences as well as the Government's statement of position. This Court would ordinarily next request the Defendant to respond to the statement by the Government. The Court however finds this unnecessary since it is inclined to run the sentences concurrent - which is obviously the best result for the Defendant. Therefore, the Court hereby states to the Federal Bureau of Prisons that it is the Court's position that the sentence in the above case run concurrently with the state sentence that is the subject of the inquiry of the Federal Bureau of Prisons. If however, the Defendant objects to this result, he is to indicate such by filing his objection to this Order no later than 21 days from the date hereof. Signed by Judge L. Scott Coogler on 1/28/08. (kcg, ) (Entered: 01/29/2008) |