IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SAWELIJA TYREE FLOYD, | ) |
|     Petitioner | ) Civil Action No. 3:08cv133-MEF |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
|     Respondent | ) |

### AFFIDAVIT OF WILLIAM R. BLANCHARD

"My name is William R. Blanchard and I have been a licensed attorney at law in the State of Alabama since 1978. I am admitted to practice before the United States District Court for the Middle District Alabama, the 11th Circuit Court of Appeals for the United States, and the United States Supreme Court.

I was retained defense counsel for the Petitioner in the case of <u>United States of America v. Sawelija Tyree Floyd</u>, CR. No. 3:05cr187-F. I make this Affidavit in compliance with the Court's Order of February 26, 2008, to address claims of ineffective assistance of counsel presented by Mr. Floyd in his §2255 Motion.

    1. Response to Petitioner's Ground One:

The facts, as stated by Petitioner, do not support this ground. The affidavit filed by Sgt. Murry was not deficient for lack of any personal knowledge on his part. It is obvious from the affidavit that Sgt. Murry was one of the officers who entered the front door of the residence at 1289 Ty Court, and was able, from that vantage point, to see suspected crack cocaine and scales on the kitchen counter. Such observations on the part of a police officer would, in my judgment, give adequate support for a

probable cause determination. Therefore, I did not challenge the search warrant on the basis now advanced by Petitioner.

2. Response to Petitioner's Ground Two:

Assuming, as the Eleventh circuit has held in this case, that the initial entry into the residence by the police officers was lawful, the detention of the defendant by the officers was supported by probable cause stemming from their observation of contraband in the residence. In other words, even if the 'VCO' was deficient, Petitioner's detention was independently justified and authorized. I argued at trial and on appeal that the VCO was insufficient to allow entry into the residence to effect an arrest of the Petitioner, but that argument was rejected. Furthermore, I did argue at trial that Petitioner's post-arrest statements should be suppressed because he was in custody pursuant to the VCO when he made them. I did not judge that issue to be a viable source of relief on appeal. If the Appellate Court agreed that the physical evidence was due to be suppressed, the verbal statements would have been legally insufficient, standing alone, to support a conviction. If, on the other hand, the Appellate Court did not mandate suppression of the physical evidence, the admission of Petitioner's statements would be subject to characterization as harmless in view of the other overwhelming evidence, and would not lead to a reversal.

3. Response to Petitioner's Ground Number Three:

I am unaware of any statutory or decisional law establishing that an indictment and/or plea agreement would be defective if specific quantities of drugs are not set out in them, nor does the Petitioner cite any in his petition or in his supporting brief.

Neither the superseding indictment nor the plea agreement was deficient for any reason cited by the Petitioner.

4. Response to Petitioner's Ground Four:

I did argue, both at trial and on appeal, that the police had no legal authority to enter Petitioner's residence, and violated the fourth amendment by doing so. It did not matter that they arguably had no probable cause to search prior to the opening of the front door to the residence, as the search was based on probable cause developed after that point in time, not before. The additional charges continued in the superseding indictment flowed from the same search and seizure which supported the charges in the original indictment. There were no new or independent grounds upon which to premise a second suppression motion.

Respectfully submitted this the 17th day of March, 2008.

_____
WILLIAM R. BLANCHARD (BLA029)

**Of Counsel:**
BLANCHARD & ASSOCIATES, L.L.C.
505 South Perry Street
Post Office Box 746
Montgomery, Alabama 36101-0746
(334) 269-9691
FAX (334) 263-4766

STATE OF ALABAMA

COUNTY OF MONTGOMERY

Before me, the undersigned Notary Public for the State of Alabama at large, personally appeared William R. Blanchard, who first being duly sworn says that the foregoing Affidavit is true and correct.

WILLIAM R. BLANCHARD

Sworn to and subscribed before me this 17th day of March, 2008.



Renee O. Branum
Notary Public
My Commission Expires: 4-19-11

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following by placing a copy of the same in the United States Mail, postage prepaid on this the 17th day of March, 2008.

Honorable Todd Brown
Assistant United States Attorney
Court Square, Suite 201,
Montgomery, Alabama 36104

Sawelija Tyree Floyd
AIS 190962
Staton Correctional Facility
P.O. Box 56
Elmore, Alabama 36025

WILLIAM R. BLANCHARD