IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

SAWELIJA TYREE FLOYD,
PETITIONER

)   CIVIL ACTION No: 3: 08 cv 133-MEF

VS.

)
)

UNITED STATES OF AMERICA,
RESPONDENT

)
)
)

PETITIONER'S OPPOSITION TO THE AFFIDAVIT
OF WILLIAM R. BLANCHARD

Come now, Sawelija Tyree Floyd, petitioner pro-se and enter his opposition to the affidavit of William R. Blanchard and states the following in support there of;

**Ground: 1.** The Petitioner moves this Honorable Court to review the record in this matter in it's totality and the disputed material facts that exist, including the points of law where the respondent's position is far from the truth of the matter.

(a) Counsel argues that the affidavit filed by Sgt. Murry was not deficient for lack of any personal knowledge on his part

Petitioner argues that Sgt. Murry was one of the Officers who entered the front door of the residence at 1289 Ty Court, but according to the suppression hearing Sgt. Murry neither the other Officers could see any suspect crack cocaine or scales nor marijuana from the vantage point of the open door. They all admitted they only could see once they illegally entered the resident without a warrant. (see suppression hearing "Officers testimony) Therefore the search warrant should have been challenged.

1

**Grounds 2**. Counsel States in the affidavit that "the detention of the defendant was lawful and that probable cause stemming from their observation of contraband in the residence", the observation that Counsel intones is the illegal entry by Officers under the pretext of a false arrest, and the alleged smell of marijuana and the hearsay of alleged drug dealing by the Petitioner. Therefore all statements should have been challenged. Counsel has assumed the position of the prosecution in his affidavit before this court, the record during the suppression hearing clearly shows that the Officers enter the residence under false pretense and counsel failed to object to the entry of hearsay evidence as being the basis for the custodial search of the residence.

**Ground: 3**. Counsel stated that "He was unaware of any statutory or decisional law establishing that an indictment or plea agreement would be defective if specific quantities of drugs are not set out in them;

Petitioner argues that according to petitioner's plea agreement under 21 U. S. C. 841 (A) (1), under the elements of the offense, it clearly states that the drug quantity were listed in the indictment. So according to the indictment's count (2) and (4), drug quantity were not listed.

Therefore the petitioner's indictment is defective because the statute states that the drug quantity must be listed in the indictment, So therefore the plea agreement and indictment should have been reviewed carefully and challenged.

**Ground 4.** After the Petitioner's arrest on the outside of his home, on what was later discovered as an invalid violation of a court order. Based on the burning smell of marijuana and the alleged hearsay drug dealing habits of the Petitioner, The police didn't support probable cause under the totality of the circumstances to enter the residence without a warrant. The Petitioner asserts that the entry by Auburn Police in to the residence of his and Ms. McCray's legal residence was an illegal act because there was absolutely no probable cause to under the totality of the circumstances in this case.

The police and the court used the alleged smell of burning marijuana and the alleged drug dealing history, in which there was never established by any reliable information.

In the suppression hearing, Sergeant Murry says that his alleged confidential informant, which allegedly gave information that the defendant was a drug dealer could not have been substantiated and the Petitioner's trial attorney was ineffective for not objecting or filing a motion to suppress any hearsay evidence from becoming apart of the suppression hearing record.

No reliable, credible informant, in order for this information about the petitioner's alleged drug dealing history that would additionally be applied under the totality of the circumstances, the smell of burning marijuana for probable cause for the police officers to illegally enter the Petitioners home.

Therefore, Petitioner's allegedly drug dealing habits should have been challenged by counsel.

Wherefore the Petitioner moves this Honorable Court to reject as true the facts as outlined by William R. Blanchard and review the record in this cause set this matter for a hearing so that the Petitioner may be allow to argue the facts of this matter and the facts of law in support thereof.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following by placing a copy of the same in the United States Mail, postage prepaid on this the 1 st. day of April, 2008.

United States District Clerk
Debra P. Hackett
B119 Frank M. Johnson, Jr. U. S. Courthouse Complex
One Church St.
P. O. Box# 711
Montgomery, AL 36101-0711

Hon; Todd Brown
Assistant United States Attorney
Court Square, Suite 201,
Montgomery, AL 36104

Attorney William R. Blanchard
505 South Perry St.
Post Office Box # 746
Montgomery, Al 36101-0746

          Respectfully Submitted.
          *Sawelija Tyree Floyd*
          Sawelija Tyree Floyd, pro-se
          A.I.S.# 190962/F3-24B
          S. C. C.
          P. O. Box # 56
          Elmore, AL 36025-0056

**Sawelija Tyree Floyd, pro-se**
**A.I.S.# 190962/F3-24B**
**S. C. C.**
**P. O. Box # 56**
**Elmore, AL 36025-0056**



MONTGOMERY AL 361
02 APR 2008 PM 2

"This correspondence is forwarded from an Alabama State Prison. The content have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

**United States District Clerk**
**Debra P. Hackett**
**B119 Frank M. Johnson, Jr. U. S. Courthouse Complex**
**One Church St.**
**P. O. Box# 711**
**Montgomery, AL 36101-0711**

LEGAL MAIL    36101+0711