IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SAWELIJA TYREE FLOYD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 3:08cv133-MEF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. No. 13) addressing the claims presented by Petitioner in his 28 U.S.C. § 2255 motion. In its response, the government argues, *inter alia*, that Petitioner's Claim 6, that the police lacked probable cause to enter his residence following his arrest, is procedurally barred because it was raised and addressed on direct appeal. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). The government argues that Petitioner's Claims 2 and 4 – that his post-arrest statements were obtained as a result of an unlawful arrest and that the superseding indictment was defective – are procedurally barred because they could have been, but were not, raised on direct appeal. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994). In addition, the government argues that these claims lack merit. Finally, the government argues that Petitioner's claims of ineffective assistance of counsel (Claims 1, 5, and 7 through 9) are without factual support and rest on allegations that fail to establish either deficient performance and prejudice within the meaning of *Strickland v. Washington*, 466

U.S. 668 (1984).

A procedural default bars consideration of the merits of a claim unless the movant "can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990); *see also Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Accordingly, it is

ORDERED that on or before April 25, 2008, Petitioner may file a reply to the response filed by the United States. Any documents or evidence filed after this date will not be considered by the court except upon a showing of exceptional circumstances. At any time after April 25, 2008, the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the motion as justice dictates." Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

Petitioner is instructed that when responding to the assertions contained in the government's response, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts that demonstrate that Petitioner is entitled

to relief on the grounds presented in his § 2255 motion. If documents that have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When Petitioner attacks the government's response by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2255 Proceedings in the United States District Courts*. Petitioner is advised that upon expiration of the time for filing a response to this order, the court will proceed to consider the merits of the pending § 2255 motion pursuant to Rule 8(a).

Done this 4th day of April, 2008.

                                      /s/Susan Russ Walker
                                      SUSAN RUSS WALKER
                                      UNITED STATES MAGISTRATE JUDGE