IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SAWELIJA TYREE FLOYD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:08cv133-MEF |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion by federal inmate Sawelija Tyree Floyd ("Floyd") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**I. INTRODUCTION**

On February 6, 2006, in accordance with a conditional plea agreement, Floyd pled guilty to all counts in a four-count indictment charging him with possession with intent to distribute cocaine base, marijuana, cocaine hydrochloride, and MDMA,[1] all in violation of 21 U.S.C. §§ 841(a)(1). When pleading guilty, Floyd reserved the right to appeal the district court's ruling denying his motion to suppress statements taken and physical evidence seized as a result of his arrest and the subsequent search of his home. On December 18, 2006, the district court sentenced Floyd to a total of 210 months' imprisonment.[2]

---

[1]Methylenedioxymethamphetamine, commonly know as "Ecstasy."

[2]Floyd was sentenced to 210 months for distributing cocaine base (Count One of the indictment), 60 months for marijuana distribution (Count Two), 210 months for distribution of
(continued...)

Floyd appealed to the Eleventh Circuit Court of Appeals, challenging the district court's denial of his motion to suppress. On July 12, 2007, by unpublished opinion, the Eleventh Circuit held that the district court had properly denied Floyd's motion to suppress and affirmed Floyd's convictions and sentence. *See United States v. Floyd*, [No. 07-10005] 247 Fed.Appx. 161 (11th Cir. Jul. 12, 2007). Floyd petitioned the United States Supreme Court for a writ of certiorari, which was denied on January 14, 2008. *See Floyd v. United States*, [No. 07-8223] ___ U.S. ___, 128 S.Ct. 1106 (Jan. 14, 2008).

On or around February 25, 2008, Floyd, acting *pro se*, filed this § 2255 motion (Doc. No. 1), asserting the following claims:

1. The police lacked probable cause to enter his residence after he was arrested and taken into custody.

2. His post-arrest statements should have been suppressed because they were the result of his illegal arrest.

3. The superseding indictment in his case was defective because Counts Two and Four failed to allege specific drug quantities, although drug quantities were used by the court to enhance his sentence.

4. He receive ineffective assistance of counsel for the following reasons:

    a. Trial and appellate counsel failed to raise the issue that the police lacked probable cause to enter his residence after he was arrested and taken into custody.

---

²(...continued)
cocaine hydrochloride (Count Three); and 210 months for distribution of MDMA (Count Four), with all sentences ordered to run concurrently.

      b.      Trial and appellate counsel failed to challenge the admissibility of his post-arrest statements.

      c.      Trial and appellate counsel failed to challenge the defective superseding indictment, which subjected him to enhanced punishment based on drug quantities not alleged in the indictment.

      d.      Trial counsel failed to object to the supporting affidavit for the search warrant on grounds that it did not provide any substantial basis for a finding of probable cause and that the law enforcement officer's statements in the affidavit were conclusory and self-serving; in addition, appellate counsel was ineffective for failing to raise this issue on appeal.

      e.      Trial counsel failed to move to exclude hearsay from the suppression hearing, and allowed such hearsay to become part of the suppression hearing record.

      f.      Trial counsel failed to file a second motion to suppress the "new evidence" after the government filed a superseding indictment, which was based on additional illegally obtained evidence.

The United States answered, contending that Floyd's claim are either procedurally barred or without merit. (Doc. No. 13.) Floyd was allowed an opportunity to respond to the government's answer and did so. (Doc. No. 17.) After due consideration of Floyd's § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## II. DISCUSSION

### A. Substantive Claims

#### 1. *Claim Raised and Decided on Direct Appeal*

Floyd contends that the police lacked probable cause to enter his residence after he was arrested outside the residence and taken into custody, and that they lacked probable cause to believe there were illegal drugs inside his residence. (*See § 2255 Motion* - Doc. No. 1 at pp. 13 and 19-23.) The government correctly argues that this claim is procedurally barred because it was raised and disposed of in Floyd's direct appeal. (*See United States' Response to § 2255 Motion* - Doc. No. 13 at p. 19; *see also United States v. Floyd*, [No. 07-10005] 247 Fed.Appx. 161, 166-67 (11th Cir. Jul. 12, 2007) (where Eleventh Circuit decided Floyd's claim adversely to him upon finding officers had probable cause to believe a search of Floyd's residence would reveal illegal drugs and that exigent circumstances existed for officers' warrantless entry into the residence).)

"The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *see also United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). If a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be re-litigated in a collateral attack under § 2255. *Nyhuis*, 211 F.3d at 1343. Furthermore, "[a] rejected claim does not merit rehearing on a different, but previously available, legal theory." *Id.*; *see also United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005) ("The law of the

case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case.").

Because Floyd challenged the legality of the entry of his residence by police at trial and on direct appeal, and that claim was decided adversely to him by the Eleventh Circuit, this court will not reconsider the same claim presented in Floyd's § 2255 motion.

### 2. *Substantive Claims Not Raised on Direct Appeal*

Floyd presents two substantive claims in his § 2255 motion that were not raised in his direct appeal: (1) that his post-arrest statements should have been suppressed because they were the result of his illegal arrest and (2) that the superseding indictment in his case was defective because Counts Two and Four failed to allege specific drug quantities, although drug quantities were used to enhance his sentence. (*See § 2255 Motion* - Doc. No. 1 at pp. 9-13.)

Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally barred in a § 2255 proceeding. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). A petitioner can avoid this procedural bar only by showing both cause for the failure to raise the claim on direct appeal and actual prejudice arising from that failure. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Mills*, 36 F.3d at 1055. Floyd either asserts ineffective assistance of appellate counsel as cause for his failure to raise these claims on direct appeal or asserts independent claims of ineffective assistance of trial and appellate

counsel based on his attorney's failure to present his substantive claims in the district court or on appeal. (*See § 2255 Motion* - Doc. No. 1 at pp. 10 and 12.) Accordingly, this court will address Floyd's underlying substantive claims in the context of his related allegations of ineffective assistance of counsel. These and all of Floyd's allegations of ineffective assistance of counsel are reviewed below.

**B.      Ineffective Assistance of Counsel**

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. To succeed on a claim of ineffective assistance of counsel, a petitioner must satisfy both prongs of the test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The *performance* prong requires a petitioner to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The *prejudice* prong requires a petitioner to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id.* at 687.

Under the performance component of the *Strickland* inquiry, a petitioner must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687). In

any ineffective assistance analysis, scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000); *see Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992). The court must "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id.* (internal quotation marks and brackets omitted). Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

Under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.").

7

"Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697 (A court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one."); *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("[I]f a defendant cannot satisfy the prejudice prong, the court need not address the performance prong.").

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

> 1. ***Failure to Challenge Probable Cause for Police Entry into Residence***

Floyd argues that his trial and appellate counsel[3] rendered ineffective assistance by failing to raise the claim that police lacked probable cause to enter his residence after he was arrested and taken into custody. (*See § 2255 Motion* - Doc. No. 1 at pp. 11-15 and 19-23.) Floyd's claim is flatly contradicted by the record and is without merit. As indicated above, Floyd's counsel challenged the legality of the police entry into his residence after his arrest, both in the trial court and on direct appeal. Floyd's allegation that counsel failed to do so is factually incorrect. Moreover, both the district court and the Eleventh Circuit ruled that there was no impropriety in the police's entry into Floyd's residence. Floyd is not entitled to any relief based on this claim of ineffective assistance of counsel.

### 2. *Failure to Challenge Admissibility of Post-arrest Statements*

Floyd contends that his counsel was ineffective for failing to challenge the admissibility of his post-arrest statements to police, which he says were the fruit of his unlawful arrest. (*See § 2255 Motion* - Doc. No. 1 at pp. 9-11.)

The record reflects that Floyd's counsel did raise the issue of the admissibility of Floyd's post-arrest statements in the district court. (*See, e.g., Motion to Suppress Statements & and Physical Evidence* - Doc. No. 13, Gov. Exh. B, at p. 5; *Post Hearing Brief* - Doc. No. 13, Gov. Exh. F, at pp. 12-13.) Therefore, Floyd cannot show that counsel was ineffective with regard to this issue in the district court. Floyd's counsel filed an affidavit with this court explaining his reasons for not pursuing this claim on appeal (Doc. No. 9.), which stated

---

[3]Floyd was represented by the same lawyer, William R. Blanchard, in both the trial court proceedings and on direct appeal.

as follows:

> Assuming, as the Eleventh Circuit has held in this case, that the initial entry into the residence by the police officers was lawful, the detention of the defendant by the officers was supported by probable cause stemming from their observation of contraband in the residence. In other words, even if the "VCO" [Violation of Court Order warrant for Floyd's arrest] was deficient, Petitioner's detention was independently justified and authorized. I argued at trial and on appeal that the VCO was insufficient to allow entry into the residence to effect an arrest of the Petitioner, but that argument was rejected. Furthermore, I did argue at trial that Petitioner's post-arrest statements should be suppressed because he was in custody pursuant to the VCO when he made them. I did not judge that issue to be a viable source of relief on appeal. If the Appellate Court agreed that the physical evidence was due to be suppressed, the verbal statements would have been legally insufficient, standing alone, to support a conviction. If, on the other hand, the Appellate Court did not mandate suppression of the physical evidence, the admission of the Petitioner's statements would be subject to characterization as harmless in view of the other overwhelming evidence, and would not lead to a reversal.

(Doc. No. 9 at p. 2.)

Floyd's claim that his post-arrest statements should have been suppressed is premised on his contention that his arrest was unlawful.[4] Both the district court and the Eleventh Circuit rejected the argument that Floyd's arrest was unlawful. Consequently, Floyd cannot show that his counsel rendered ineffective assistance on appeal by failing to pursue the claim that Floyd's post arrest-statements were inadmissible. Counsel's decision not to pursue this claim in the Eleventh Circuit, as explained by counsel in his affidavit, was a reasonable one. Counsel is not ineffective for failing to pursue a meritless issue. *See Chandler v. Moore*, 240

---

[4]Floyd points to no evidence, and there is none in the record, that any of his post-arrest statements to police were made in response to official questioning. (*See, e.g., Recommendation of the Magistrate Judge* - Doc. No. 13, Gov. Exh. H, at pp. 14-15.) Thus, he establishes no other basis for suppressing his statements to police.

10

F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Therefore, Floyd is not entitled to any relief based on this claim.

### 3. Lack of Allegations of Specific Drug Quantities in Counts Two and Four

Floyd maintains that the superseding indictment in his case was defective because Counts Two and Four failed to allege specific drug quantities, although drug quantities were used by the court to "enhance" his sentence. (*See § 2255 Motion* - Doc. No. 1 at pp. 11-13.) He then asserts that his counsel was ineffective for failing to raise such a claim in the trial court or on appeal. (*Id.*)

An indictment alleging a violation of 21 U.S.C. § 841 properly charges a complete federal crime without any reference to either drug type or quantity. *See, e.g., United States v. Tinoco*, 304 F.3d 1088, 1099 (11th Cir. 2002); *United States v. Sanchez*, 269 F.3d 1250, 1264-65 (11th Cir. 2001). Moreover, there is no constitutional error in sentencing in a § 841 case when the sentencing court's factual findings do not operate to increase the defendant's sentence above the prescribed statutory maximum for the charged offense. *Tinoco*, 304 F.3d at 1100; *Sanchez*, 269 F.3d at 1261-62.

Section 841(b)(1)(D) provides for a maximum sentence of five years in prison for an offense that involves an unspecified amount of marijuana. *See* 21 U.S.C. § 841(b)(1)(D). For Count Two of the superseding indictment, the marijuana-distribution conviction, the district court sentenced Floyd to five years in prison. Section 841(b)(1)(C) provides for a maximum sentence of 20 years in prison for an offense that involves an unspecified amount

11

of MDMA. *See* 21 U.S.C. § 841(b)(1)(C). For Count Four of the superseding indictment, the MDMA-distribution conviction, the district court sentenced Floyd to 210 months (i.e., 17 years, six months) in prison. Thus, the sentences imposed upon Floyd for Counts Two and Four of the superseding indictment did not exceed the prescribed statutory maximum for each charged offense.

For the reasons indicated above, there was no defect in the superseding indictment merely because Counts Two and Four did not allege specific drug quantities, and there was no constitutional error in the sentences the district court imposed for those counts of conviction. Consequently, Floyd cannot show that his counsel was ineffective for failing to present such a claim in the trial court on appeal. As previously noted, counsel is not ineffective for failing to pursue a meritless issue. *Chandler*, 240 F.3d at 917; *Winfield*, 960 at 974. Therefore, Floyd is not entitled to any relief based on this claim.

### 4. *Failure to Challenge Deficiencies in Search Warrant Affidavit*

Floyd contends that his counsel was ineffective for failing to argue in the trial court and on appeal that the supporting affidavit for the search warrant that police officers obtained after entering his residence did not provide any substantial basis for a finding of probable cause and that the statements by Sgt. Chris Murray of the Auburn Police Department contained in the affidavit were "wholly conclusory and self-serving." (*See § 2255 Motion* - Doc. No. 1 at pp. 6-9.)

Addressing this claim, Floyd's counsel states in his affidavit:

> The facts, as stated by Petitioner, do no support this ground. The

affidavit filed by Sgt. Murray was not deficient for lack of any personal knowledge on his part. It is obvious from the affidavit that Sgt. Murray was one of the officers who entered the front door of the residence at 1289 Ty Court, and was able, from that vantage point, to see suspected crack cocaine and scales on the kitchen counter. Such observations on the part of the police officer would, in my judgment, give adequate support for a probable cause determination. Therefore, I did not challenge the search warrant on the basis now advanced by Petitioner.

(Doc. No. 9 at pp. 1-2.)

The search warrant affidavit contained matters sworn to by Sgt. Murray, who was on the scene at Floyd's arrest at his residence, and who personally attested as follows:

> ... that there is now being kept or concealed Cocaine and Marijuana at the residence known as 1289 Ty Court, Auburn, Lee County, Alabama. On July 29, 2005, Sergeant Chris Murray and other members of the Auburn Police Department went to serve a Violation of Court Order warrant issued by Auburn Municipal Court on Sawelija Tyree Floyd, alias, at 1289 Ty Court, Auburn, Lee County, Alabama. Officers knocked on the front door and when it opened, a very strong odor of burning Marijuana was detected immediately coming from inside the residence. Floyd, alias, was taken into custody. Officers entered the residence and from the front door, officers could see suspected "crack" Cocaine and a set of scales on the kitchen counter. Also present in the residence were J.B. Mitchell and Jamillah Resheda McCray, alias (a resident). All three were read their *Miranda* rights. J.B. Mitchell, alias, stated to Sgt. Murray that he and Sawelija Tyree Floyd were smoking Marijuana when officers knocked on the door. Both McCray and Floyd refused to give consent to a further search of the residence.

(*Affidavit in Support of Application for Search Warrant* - Doc. No. 13, Gov. Exh. C, at exhibit A.)

To establish probable cause, a search warrant affidavit must "state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched." *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002) (internal

13

quotation and citation omitted). "[T]he affidavit should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." *Id*. Here, the facts recited in the search warrant affidavit provided a substantial basis for a finding of probable cause to believe that controlled substance crimes were taking place at Floyd's residence and that evidence of such crimes would be found at the residence. Moreover, the matters attested to by Sgt. Murray in the affidavit were neither conclusory nor self-serving and were plainly based on Sgt. Murray's personal observations.

Because there was no deficiency in the search warrant affidavit, and the affidavit provided a substantial basis for a finding of probable cause and issuance of the search warrant, there was no basis for Floyd's counsel to challenge the affidavit on the grounds asserted by Floyd. Counsel cannot be ineffective for failing to raise a meritless claim. *Chandler*, 240 F.3d at 917; *Winfield*, 960 at 974. Therefore, Floyd is not entitled to any relief based on this allegation of ineffective assistance of counsel.

### 5. *Admission of Hearsay at Suppression Hearing*

Floyd argues that his counsel was ineffective for failing to move to exclude hearsay from the suppression hearing, and for allowing such hearsay to become part of the suppression hearing record. (*See § 2255 Motion* - Doc. No. 1 at pp. 20-21.) In this regard, Floyd appears to object to Sgt. Murray's testimony at the suppression hearing concerning information provided by informants indicating that Floyd was a dealing drugs from his residence. (*Id.*) Floyd's claim has no merit.

"At a suppression hearing, the court may rely on hearsay and other evidence, even

though that evidence would not be admissible at trial." *United States v. Raddatz*, 447 U.S. 667, 679 (1980); *see* Fed.R.Evid. 104(a), 1101(d)(1). *See also, e.g., United States v. Franklin*, 284 Fed.Appx. 701, 703-04 (11th Cir. Jul. 1, 2008) (unpublished). Here, Sgt. Murray testified that he had dealt with the informants on prior occasions and that information provided by the informants in the past had proven to be accurate. (*See Suppression Hearing* at pp. 25-26.) It was clear, too, from the context of Sgt. Murray's testimony that the informants learned this information from personal observations. There was simply no basis for Floyd's counsel to move to exclude Sgt. Murray's testimony from the suppression hearing. Therefore, counsel was not ineffective for failing to do so. *Chandler*, 240 F.3d at 917; *Winfield*, 960 at 974.

### 6. *Failure to File Second Motion to Suppress after Return of Superseding Indictment*

Floyd contends that his counsel rendered ineffective assistance when he did not file a second motion to suppress "new evidence" after the government filed a superseding indictment, which, according to Floyd, was based on additional illegally obtained evidence. (*See § 2255 Motion* - Doc. No. 1 at p. 15.) This claim is without merit, as the additional charges contained in the superseding indictment flowed from evidence obtained in the same search and seizure that supported the charges in the original indictment and that was litigated through counsel's original (and unsuccessful) motion to suppress the evidence against Floyd. There was no basis for counsel to file a second motion to suppress. Consequently, counsel was not ineffective for failing to do so, and Floyd is entitled to no relief based on this claim.

15

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Floyd be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **March 3, 2009.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 18th day of February, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE